```
              IN THE UNITED STATES DISTRICT COURT
             FOR THE SOUTHERN DISTRICT OF ALABAMA
                        SOUTHERN DIVISION
```

ADRIAN LACEY,                         :

    Petitioner,                   :
                                                      CIVIL ACTION 15-00349-KD-M
v.                                    :
                                                      CRIMINAL ACTION 13-00112-KD-M
UNITED STATES OF AMERICA,             :

    Respondent.                   :

## REPORT AND RECOMMENDATION

Pending before the Court is Petitioner's Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255 (Doc. 251). This action was referred to the undersigned Magistrate Judge for report and recommendation pursuant to 28 U.S.C. § 636(b) and Rule 8(b) of the Rules Governing Section 2255 Cases. It is now ready for consideration. The record is adequate to dispose of this matter; no evidentiary hearing is required. It is recommended that Petitioner's Motion to Vacate (Doc. 251) be denied, that this action be dismissed, and that judgment be entered in favor of Respondent, the United States of America, and against Petitioner Adrian Lacey. It is further recommended that any certificate of appealability filed by Petitioner be denied as he is not entitled to appeal *in forma pauperis*.

On May 30, 2013, Lacey was indicted for the following:

conspiracy to defraud the United States in violation of 18 U.S.C. § 371 (count one); committing wire fraud in violation of 18 U.S.C. §§ 1343, 2 (counts 2, 4, 6, 8, 10, 12, 14, 16, 18, 20, 22); and committing aggravated identity theft in violation of 18 U.S.C. §§ 1028(a)(1), 2 (counts 3, 5, 7, 9, 11, 13, 15, 17, 19, 21, 23) (Doc. 1).  On November 20, 2013, a superseding indictment was entered, charging Petitioner with five more counts, each, of wire fraud (counts 24, 26, 28, 30, and 32) and aggravated identity theft (counts 25, 27, 29, 31, and 33) (Doc. 135).  On February 18, 2014, Lacey entered into an agreement in which he pled guilty to one count, each, of conspiracy to defraud, wire fraud, and aggravated identity theft (counts one through three) (Doc. 174).  United States District Judge DuBose accepted the plea and found Petitioner guilty as charged (Doc. 172).  On August 14, 2014, Judge DuBose sentenced Petitioner to sixty months on count one, eighty-two months on count two, and twenty-four months on count three; the first two counts were to be served concurrently, while the third count was to be served consecutively to the first two counts and concurrent with a sentence already being served (*see* Doc. 232).  In addition to the total sentence of one hundred, six months, Lacey was sentenced to three years of supervised release, as to each count to run concurrently, following his release from prison, and an

assessment of three hundred dollars (*see* Doc. 232).  Judgment, which included the dismissal of counts four through thirty-three, was entered on November 26, 2014 (Doc. 232).  Lacey did not file an appeal of either the conviction or sentence (*see* Doc. 251, p. 3).

On July 6, 2015, Petitioner filed a Motion to Reduce his Sentence (Doc. 245).  Judge DuBose denied the Motion eight days later (Doc. 248).

On August 17, 2015, Lacey filed his Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255 in which he raises the following claims:  (1) He was subjected to double jeopardy/counting; and (2) his attorney rendered ineffective assistance of counsel (*see* Doc. 246, 250-51).  Respondent filed a response on October 21 (Doc. 257).

On October 26, Petitioner filed a Motion to Supplement, adding a particular ineffective assistance of counsel issue (Doc. 258).  The Government responded (Doc. 260).

On January 11, 2016, Lacey filed a Motion to Amend in which he presented a new argument concerning his second claim (Docs. 261, 264).  The Government filed a Response (Doc. 266) to which Petitioner has replied (Doc. 270).

Petitioner's first claim in this action is that he was subjected to double jeopardy (or double counting) in the

sentence that he received (Doc. 251, pp. 6, 14-19; Docs. 264, 270). More specifically, Lacey argues that he improperly received a six-point enhancement that, effectively, penalized him twice for the same behavior.

In making his argument Petitioner relies on U.S.S.G.[1] § 2B1.6[2] that states as follows: "If the defendant was convicted of violating 18 U.S.C. § 1028A, the guideline sentence is the term of imprisonment required by statute." U.S.S.G. § 2B1.6(a). Note two of that Guidelines section states as follows:

> If a sentence under this guideline is imposed in conjunction with a sentence for an underlying offense, do not apply any specific offense characteristic for the transfer, possession, or use of a means of identification when determining the sentence for the underlying offense. A sentence under this guideline accounts for this factor for the underlying offense of conviction, including any such enhancement that would apply based on conduct for which the defendant is accountable under § 1B1.3 (Relevant Conduct).

U.S.S.G. § 2B1.6 comment. (n.2). In explaining this language, the Eleventh Circuit Court of Appeals held that "when a defendant receives the two-year consecutive sentence on the

---

[1] United States Sentencing Guidelines.
[2] "U.S.S.G. § 2B1.6 is the relevant guideline for convictions under 18 U.S.C. § 1028A." *United States v. Cruz*, 713 F.3d 600, 605 (11th Cir.), *cert. denied*, 133 S.Ct. 2788 (2013) and 134 S.Ct. 213

identity theft count, 'h[is] sentence for any underlying offense is not eligible for a 2-level increase for *transfer, possession, or use* of false identification.'"  *United States v. Cruz*, 713 F.3d 600, 607 (11th Cir.), *cert. denied*, 133 S.Ct. 2788 (2013) and 134 S.Ct. 213 (2013) (*quoting United States v. Jones*, 551 F.3d 19, 25 (1st Cir. 2008) (*quoting* U.S.S.G. § 2B1.6)).

The Government has argued, however, that Lacey's six-point upward adjustment was not because of his transfer, possession, or use of false identification, but because his crimes involved more than 250 victims (Doc. 257, p. 5).  The Presentence Investigation Report (hereinafter *PSR*) clearly notes that Petitioner's six-level enhancement was due to there being 250 or more victims (Doc. 216, ¶ 45).

The Eleventh Circuit Court of Appeals has specifically held as follows:

> Section 2B1.6 only prohibits enhancing the sentence imposed on an underlying offense—here, mail fraud or false claims—based on a "specific offense characteristic for the transfer, possession, or use of a means of identification."  U.S.S.G. § 2B1.6, Application Note 2.  It does not prohibit sentence enhancements for offense characteristics unrelated to "the transfer, possession, or use of a means of identification."  *See United States v. Cruz,* 713 F.3d 600, 607-08 (11th Cir. 2013)

(2013).

> (affirming application of Section 2B1.1(b)(10)(A)(i) use-of-device-making-equipment enhancements, which did not concern use of a means of identification, to offenses governed by Section 2B1.1, since plain language of Application Note 2 did not bar application of all "relevant conduct" enhancements). *For offenses governed by Section 2B1.1, like mail fraud and false claims, an enhancement is permitted under Section 2B1.1(b)(2) based on the number of victims, even where the indictment also charges aggravated identity theft.*

*United States v. Ford*, 784 F.3d 1386, 1397 (11th Cir. 2015) (emphasis added) (*citing United States v. Manatau,* 647 F.3d 1048, 1057 n.4 (10th Cir. 2011)).

Nevertheless, Petitioner argues that a six-level sentence enhancement based on the number of victims is prohibited by the Sentencing Guidelines under U.S.S.G. § 2B1.6 because the definition of victim is, essentially, the same under U.S.S.G. § 2B1.1(b)(2) and Application Note 4(E) as it is in 18 U.S.C. 1028 (Doc. 251, pp. 15-18; Doc. 261, pp. 2-6; Doc. 264, pp. 2-6; Doc. 270, pp. 1-5).  The Court rejects this argument under *Ford*'s holding that "[f]or offenses governed by Section 2B1.1, like mail fraud and false claims, an enhancement is permitted under Section 2B1.1(b)(2) based on the number of victims, even where the indictment also charges aggravated identity theft."  *Ford*, 784 F.3d at 1397.  Lacey's argument otherwise is without merit.

6

Plaintiff next claims that his attorney rendered ineffective assistance in that he (a) failed to object to the six-level enhancement of his sentence (Doc. 251, pp. 5, 14, 18); and (b) failed to file a direct appeal on his behalf (Doc. 258).

In *Strickland v. Washington*, 466 U.S. 668 (1984), the United States Supreme Court defined the showing a habeas petitioner must make to prevail on an ineffective assistance claim:

> First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the sixth amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable. Unless a defendant makes both showings, it cannot be said that the conviction . . . resulted from a breakdown in the adversary process that renders the result unreliable.

*Id*. at 687.

Lacey first argues that his attorney was ineffective in failing to object to the six-level enhancement of his sentence. The Court has examined the particulars of this claim and found them without merit. Petitioner's claim that his attorney was

7

deficient in not raising the claim gains no momentum under the ineffective assistance of counsel umbrella.  This claim, too, lacks merit.

Lacey next claims that his attorney was ineffective in not filing an appeal on his behalf.  The evidence shows that, on November 14, 2014, Petitioner signed and filed a Notice of No Appeal (Doc. 230).  That Notice indicates that Lacey had been instructed by the Court and his attorney that he had a right to appeal, but that he declined to do so (Doc. 230).  Petitioner's attorney, Sid Harrell, also signed the form, indicating his belief that Lacey's decision was knowing and voluntary.  In light of this pleading, Petitioner's claim that his attorney rendered ineffective assistance in not filing an appeal is without merit.

Lacey has raised two different claims in bringing this action.  Both are without merit. Therefore, it is recommended that the Motion to Vacate (Doc. 251) be denied, that this action be dismissed, and that judgment be entered in favor of Respondent, the United States of America, and against Petitioner Adrian L. Lacey.

Furthermore, pursuant to Rule 11(a) of the Rules Governing § 2255 Cases, the undersigned recommends that a certificate of appealability (hereinafter *COA*) be denied.  28 U.S.C. foll. §

8

2255, Rule 11(a) ("The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant"). The habeas corpus statute makes clear that an applicant is entitled to appeal a district court's denial of his habeas corpus petition only where a circuit justice or judge issues a COA. 28 U.S.C. § 2253(c)(1). A COA may issue only where "the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When the merits of a claim are reached, a COA should issue only when the petitioner demonstrates "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). As the Court has found that Lacey failed to assert sufficient facts to support a claim of constitutional error, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack*, 529 U.S. at 484. It is suggested that Lacey can not make that showing.

## CONCLUSION

It is recommended that Petitioner's petition for writ of habeas corpus, filed pursuant to 28 U.S.C. § 2255, be denied and that this action be dismissed. It is further recommended that

any certificate of appealability filed by Petitioner be denied as he is not entitled to appeal *in forma pauperis*.  Finally, it is recommended that judgment be entered in favor Respondent, the United States of America, and against Petitioner, Adrian Lacey.

### NOTICE OF RIGHT TO FILE OBJECTIONS

A copy of this report and recommendation shall be served on all parties in the manner provided by law.  Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court.  *See* 28 U.S.C. § 636(b)(1); FED.R.CIV.P. 72(B); S.D. ALA. L.R.72.4.  In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

DONE this 28th day of March, 2016.

s/BERT W. MILLING, JR.
UNITED STATES MAGISTRATE JUDGE